UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>MATTHEW MELTON,<br><br>Defendant. | 23-cr-456 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

The Court is in receipt of the Government's proposed order of restitution. Dkt. 44-1. In that proposal, Melton's liability to two of the victims as reflected in "Schedule B" is tied to Melton's term of supervised release. *Id.* at 3 ("Pursuant to 18 U.S.C. § 3853(d), the defendant's liability to pay $1,164,205.37 in restitution to the victims and in the amounts listed in Schedule B, shall terminate with the defendant's term of supervised release."). It is not entirely clear, however, why that term of liability is different from Melton's term of liability with respect to the amounts reflected in "Schedule A." *See id.* ("[T]he defendant's liability to pay $1,784,094 in restitution to the victims and in the amounts listed in Schedule A shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment."); Dkt. 31 at 3 (imposing a 3-year term of supervised release). After all, at first blush, 18 U.S.C. § 3613(b) does not appear to distinguish between restitution orders stemming from Section 3663(a)(3) and those deriving from Section 3663A.

In any event, to assist the Court, the Government is hereby ORDERED to file a letter on or before December 4, 2026, explaining the appropriate terms of liability and why those terms may differ depending on the basis of the restitution order.

SO ORDERED.

Dated: November 25, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge